| | | | |
|---|---|---|---|
| | AUSA: | Micah Wallace | Telephone: (313) 226-9100 |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | John Franklin | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Phillip Linsey JACKSON, Jr.

Case No.
Case: 2:25−mj−30365
Assigned To : Unassigned
Assign. Date : 6/6/2025
Description: CMP USA V. JACKSON (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 4, 2025__ in the county of __Wayne and Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |
| 18 U.S.C. § 922(o) | Possession of a machine gun |
| 26 U.S.C. § 5861(d) | Receiving or possessing an unregistered firearm (destructive device) |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

John M. Franklin, Special Agent (ATF)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __June 6, 2025__

City and state: __Detroit, Michigan__

*Judge's signature*

Hon. Kimberly G. Altman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
## AND ARREST WARRANT

I, John Franklin, being sworn, depose and state the following:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since 2003. I have conducted numerous investigations involving violations of firearms, arson, and explosive laws. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). As an ATF Special Agent, I am also trained as a Special Agent Certified Explosive Specialist/Bomb Technician. As such, I have participated in numerous courses including, the ATF Explosive Specialist Basic Training Course, the ATF Homemade Explosives course, the NAVSCOLEOD Basic Improvised Explosive Device Training Course and Advanced Improvised Explosive Device Disposal Course, and the U.S. Public Safety Bomb Technician Course at the FBI'S Hazardous Devices School.

2.      I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3. I am currently investigating Phillip Linsey JACKSON Jr., B/M, DOB: XX/XX/1984 for violations of 18 U.S.C., § 922(g)(1), felon in possession of a firearm, 18 U.S.C., § 922(o), unlawful possession of a machinegun, and 26 U.S.C., § 5861(d), receiving or possessing a firearm (destructive device) which is not registered to him in the National Firearms Registration and Transfer Record.

4. On May 3, 2025, May 9, 2025, and May 11, 2025, while conducting surveillance of JACKSON Jr., Southfield Police Department (SPD) officers observed JACKSON Jr. make person-to-person transactions which, based on the officer's training and experience, were consistent with hand-to-hand narcotics transactions.

5. On May 9, 2025, SPD officers obtained a search warrant to place a GPS tracking device on JACKSON Jr.'s Ford Taurus from the 46th District Court. The GPS tracking history for JACKSON Jr.'s Ford Taurus showed two highly trafficked addresses, Jackson Jr.'s residence in Southfield, Michigan (**Location 1**) and 140XX St. Marys Street, Detroit, Michigan (**Location 2**). Further review of the GPS tracking history showed that JACKSON Jr.'s vehicle made numerous short stops at **Location 2**, most of which were twenty minutes or less, multiple times a day over the course of multiple days.

6. Between May 9, 2025, and May 30, 2025, SPD officers conducted additional physical surveillance on JACKSON Jr. on multiple occasions. Officers

observed JACKSON Jr. leave from both **Location 1** and **Location 2** to conduct hand-to-hand narcotic sales and then return to both locations.

7. Based on this information, on June 3, 2025, SPD officers obtained state search warrants for **Location 1** and **Location 2**.

8. On June 4, 2025, Southfield Police Department conducted a traffic stop on JACKSON Jr. and found 20 grams of crack cocaine. They arrested him for possessing crack cocaine with the intent to sell.

9. The same day, officers executed a search warrant at **Location 2**, and found the following items in the second story southwest corner bedroom:

   a. A Cobray, model Mac-11, pistol, serial number: 88-0006543,

   b. A Springfield, model XD, .45 caliber pistol, serial number: XD717933,

   c. A Glock, model 22, .40 caliber pistol, serial number BFFT458 with a suspected machinegun conversion device (MCD) and a loaded drum magazine,

   d. Three mailed letters, each addressed to JACKSON Jr., and

   e. Two recent police citations made out to JACKSON Jr.

10. In the same bedroom, officers found what appeared to be a pipe bomb (the **Device**). A Detroit Police Department (DPD) Bomb Squad was contacted and responded to the location. Upon arriving at the location DPD bomb squad officers

3

investigated the **Device** which appeared to be a steel pipe approximately 14" in length and 2" in diameter. The pipe had two endcaps affixed to the threaded ends of the pipe, with a length of green colored hobby fuse protruding from a hole drilled in one of the endcaps.

11. The DPD bomb squad removed one of the endcaps from the **Device** and found that the **Device** contained suspected smokeless powder. An ignition susceptibility test was conducted on a small sample of the suspected smokeless powder which reacted energetically, burning rapidly with a bright orange flame. The components of the **Device** and the energetic powder were collected by DPD and subsequently turned over to the ATF.

12. According to the National Firearms Registration and Transfer Record JACKSON Jr. has no NFA weapons, including destructive devices or machineguns, registered with ATF, and no destructive devices or machineguns are registered at **Location 2**.

13. On June 5, 2025, descriptions of the three pistols listed above (Paragraph 9) were provided to ATF Special Agent (SA) Joshua McLean. Based on the description of the firearms provided to SA McLean, SA McLean stated that the firearms were manufactured outside of the State of Michigan and are firearms as defined by federal law.

14. On June 5, 2025, ATF SA Kenton Weston viewed images of the recovered Glock which had the suspected MCD affixed to it. In addition to basic ATF training, SA Weston is a graduate of a specialized course on privately made firearms and machinegun conversion devices (PMF/MCD). SA Weston has provided instruction to DPD officers, ATF Special Agents, Sheriff Deputies, State Troopers, and Task Force officers on the identification and prosecution of PMFs and MCDs. SA Weston has experience in the investigation, seizure, and examination of dozens of PMFs and MCDs in the Eastern District of Michigan. After viewing the images, SA Weston confirmed that the device affixed to the firearm appeared to be an MCD, colloquially referred to as a "Glock Switch."

15. Per SA Weston, an individual can affix an MCD to a Glock-style pistol to make the pistol shoot automatically and function as a machinegun. The MCD is a small device that replaces the back plate and typically protrudes from the back of the slide on a Glock-style pistol. When installed, the device applies pressure to the trigger bar and disables the firearm's ability to limit one round of ammunition to be fired per trigger pull.

16. A machinegun is a firearm under the National Firearms Act, 26 U.S.C. § 5845(a). A machinegun is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b).

5

An MCD is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock-style pistol into a machinegun; therefore, it by itself, is a "machinegun."

17. Pursuant to 26 U.S.C. § 5861(d), it is illegal to possess a firearm that is not registered to the possessor in the National Firearms Registration and Transfer Record.

18. The term "firearm" in 26 U.S.C. § 5861(d) includes a machinegun. 26 U.S.C. § 5845(a)(6). The term also includes a destructive device. 26 U.S.C. § 5845(a)(8).

19. The term "destructive device" is defined in 26 U.S.C. § 5845(f) and includes bombs and other similar devices. Based on my training and experience, I know that the **Device** possessed by JACKSON Jr. qualifies as a "destructive device" under Section 5845(f).

20. I reviewed JACKSON Jr.'s criminal history which reflected that JACKSON Jr. has at least the following felony convictions:

   a. On August 23, 2007, he pled guilty to Attempt – Home Invasion – First Degree in the Third Circuit Court, Wayne County.

   b. On January 4, 2011, he pled no contest to Unlawful Driving Away of a Motor Vehicle in the Sixth Circuit Court, Oakland County.

6

 c. On April 26, 2012, he pled guilty to Possession of a Controlled Substance less than 25 grams in the Third Circuit Court, Wayne County.

 d. On August 1, 2023, he pled guilty to Possession of a Controlled Substance less than 25 grams in the 16th Circuit Court, Macomb County.

 e. On January 31, 2024, he pled guilty to Possession of a Controlled Substance less than 25 grams in the Sixth Circuit Court, Oakland County.

21. Based on the facts stated above, there is probable cause to believe that on June 4, 2025, within the Eastern District of Michigan, Phillip Linsey JACKSON Jr., knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, possessed multiple firearms in violation of 18 U.S.C. § 922(g)(1); did unlawfully possess a machinegun in

violation of 18 U.S.C. § 922(o); and did receive or possess a firearm (destructive device) which is not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d).

Respectfully submitted,

_____
John Franklin, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means

_____
Honorable Kimberly G. Altman
United States Magistrate Judge

June 6, 2025