**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

         Plaintiff,

v.                                   Case No. 25-20460
                                        Honorable Linda V. Parker

PHILLIP JACKSON, JR.,

         Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF THE DETENTION ORDER (ECF No. 18)

On June 6, 2025, a federal complaint was filed naming Phillip Jackson, Jr,. On June 9, 2025, a detention hearing was held and Magistrate Judge Elizabeth Stafford ordered the Defendant detained base on his danger to the community. (ECF Nos.9-10.)

On June 18, 2025, a federal grand jury returned a two-count indictment against Defendant Jackson, Jr. charging him with Possession with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. Section 841(a)(1) and Felon in Possession of a Firearm in violation of 18 U.S.C. Section 922(g)(1). (ECF No.11)

The matter is presently before the Court on Jackson, Jr's Motion for Release

1

from Detention. (ECF No. 18.) The motion has been fully briefed. The Court held a hearing on the motion on February 25, 2026.

## BACKGROUND

In May, 2025, Southfield Police Department officers, while surveilling Jackson Jr., observed him commit acts consistent with hand-to-hand narcotics transactions. Thereafter, on May 9, 2025, Southfield Police obtained a GPS tracker warrant for his car which showed him frequenting two addresses, one on Commons Drive in Southfield and one on St. Mary's Street in Detroit.   On June 3, 2025, Southfield Police obtained a search warrant for both locations which were individually executed on June 4, 2025.

On June 4, 2025, Jackson Jr. was stopped in his car and arrested.  The car was searched and approximately 18 grams of cocaine base was found on his person.  Inside the Commons Drive location in Southfield, additional cocaine base was found.  Inside the apartment on St. Mary's Street in Detroit, multiple firearms, a pipe bomb, letters addressed to Jackson Jr., traffic citations for Jackson Jr. along with substantial amounts of cocaine base, powder cocaine, fentanyl and scales, baggies and utensils with residue were found.

## LEGAL STANDARD

The review of detention orders is governed by the Bail Reform Act, which

2

provides in relevant part: "If a person is ordered detained by a magistrate judge..that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. Section 3145(b). The Court reviews the appeal of a detention order *de novo*.  See *United States v. Leon*, 766. F. 2d 77,80 (2d Cir. 1985); United States v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992); *see also United States v. Koubriti*, No.01-cr-80778, 2001 WL 1525270, at *5 (E.D. Mich. Oct. 16, 2001)(noting that, although the Sixth Circuit has not squarely identified the proper standard of review of a magistrate judge's detention order, the majority of the circuits considering the issue hold that de novo review is appropriate).

A judge may detain a defendant pending trial if they find that "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community." *United States v. Stone,* 608 F.3d.93f9,945 (6th Cir. 2010) (quoting 18 U.S.C. Section 3142e)) The government must show the defendant's dangerousness by clear and convincing evidence or that there is a preponderance of the evidence that defendant will flee.  *United States v. Hinton*, 113 Fed. Appx 76, *1 (6th Cir.2004). However, when the Court has probable cause to believe that the defendant committed any of the crimes listed in 18 U.S.C. Section 3142(e)(3), there is a

3

presumption in favor of detention on both grounds. *Stone,* 608 at 939 (citing 18 U.S.C. Section 3142(e)(3)). This presumption is triggered by an indictment for any offense under the Controlled Substance Act (21 U.S.C. Section 801 et. seq.) with a penalty of ten years or more. *Id.*; 18 U.S.C. Section 3142(e)(3)(C)). Possession with Intent to Distribute Cocaine and Cocaine Base is punishable by up to 20 years. 21 U.S.C. Section 841(a)(1);(b)(1)(C). Accordingly, the Court finds that the presumption in this case favors detention. While the presumption is rebuttable, it remains a factor in the Court's analysis. *Stone*, 608 F. 3d at 945-46.

The Court must consider the following factors for the purpose of determining whether the government has met its burden: 1) the nature and circumstances of the offense; 2) the weight of the evidence of the defendant's dangerousness or risk of nonappearance; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. Section 3142(g).

## ANALYSIS

The Court finds that there is clear and convincing evidence that establishes that Jackson Jr. presents a danger to the public as well as a risk of fleeing.  The search of the Commons Drive address revealed cocaine base found in a mason jar.

The results of the search that occurred by Southfield Police at the address in Detroit yielded multiple firearms, large volumes of cocaine base, fentanyl and a pipe bomb. The letters addressed to Jackson, Jr. as well as two recent citations with his name as the person to whom they were issued make a strong showing that these items were his.

Moreover, as noted by the government, the amount of cocaine base found in the kitchen in the Detroit home is twice the amount required to trigger a ten-year mandatory minimum under the relevant statute.  As noted earlier, Southfield Police officers had surveilled defendant for a few days and saw him conducting drug transactions.  These factors weigh in favor of detention.

Likewise, the weight of the evidence of the risk of Jackson Jr's failure to appear along with evidence of his dangerousness is strong.   As noted above, Defendant was on probation for drug trafficking offenses in 2024 at the time of the instant offense.  This does not bode well for his ability to do well on pretrial release. Further, his criminal history establishes that he has prior multiple drug offenses in 2012 and 2023 as well as convictions for felonious assault and domestic violence.  Further, Defendant failed to appear for a scheduled trial in 2017 and his record reflects other instances where he failed to appear pursuant to court orders.

Jackson, Jr., asserts that the support he receives from family, ties to the community and employment history mitigates the danger he poses to the community as well as the risk of flight.  However, the Court cannot ignore that the instant offenses as well as prior offenses occurred while such support and ties existed.

## CONCLUSION

The Court, upon conducting *de novo* review, including the record evidence in this case, and arguments advanced by counsel, concludes that Jackson Jr., continues to present a danger to the community in which he resides and presents a risk of nonappearance to court proceedings.  For the reasons set forth above, the Court holds that the order detaining Defendant Jackson, Jr. prior to trial should not be revoked as no condition or combination of conditions can reasonably assure the safety of the community or his appearance to requisite court proceedings.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Bond (ECF No. 18) is **DENIED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 25, 2026